IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: FANSTEEL INC., ET AL., [1] | ) | |
| | ) | |
| Fansteel Inc., | ) | |
| | ) | |
|        Plaintiff, | ) | Civil Action No. 04-515 (JJF) |
| | ) | |
|   v. | ) | |
| | ) | |
| Sempra Energy Sales, LLC, | ) | |
| | ) | Adversary Case No.   04-51061 |
|        Defendant. | ) | Bankruptcy Case No. 02-10109 (JJF) |

**Objection Deadline:  March 16, 2005 at 4:00 p.m. Eastern Time**
**Hearing Date:  TBD, if necessary**

## NOTICE OF SETTLEMENT OF AVOIDANCE ACTION

Plaintiff. Fansteel, Inc., Reorganized Debtor (hereinafter referred to as "Plaintiff"), files

this Notice of Settlement of Avoidance Action (the "Notice").  A proposed Mutual Settlement

Agreement and Release (the "Settlement Agreement") was entered into by Plaintiff and Sempra

Energy Sales, LLC (hereinafter referred to as "Defendant"), on March 7, 2005, a copy of which

is attached hereto, which Settlement Agreement provides, *inter alia*, the following:

---

[1] The Reorganized Debtors are the following entities: Fansteel Inc. and Wellman Dynamics Corp.

C:\Documents and Settings\lt\Desktop\FanSettle\Sempra.doc

| Name of Defendant: | Sempra Energy Sales |
|---|---|
| Civil Action No.: | 04-515 |
| Complaint Amount: | $88,725.71 |
| Credit for New Value: | $0.00 |
| Net Preference Claim[1]: | $88,725.71 |
| Settlement Amount: | $17,000 cash, waiver of $26,000 filed claim and 502(h) claim |
| Settlement is 38.5% of the Net Preference Claim | |
| Special Circumstances (If Necessary):  Substantial ordinary course issues present. | |

Plaintiff submits that the above Settlement Agreement is the product of arm's-length

negotiations between Plaintiff and Defendant.  The Settlement Agreement represents a favorable

resolution of Plaintiff's claims and results in a cash payment and claim waiver to Plaintiff for the

benefit of creditors.  Accordingly, Plaintiff further submits that the Settlement Agreement is fair

and reasonable, is in the best interest of the creditors, and is the result of the exercise of sound

business judgment.

If you object to the terms of the settlement, you are required to file an objection to this

Settlement Agreement on or before March 16, 2005 at 4:00 p.m.

THIS NOTICE IS SUBMITTED ON NEGATIVE NOTICE.  ANY PARTY
OBJECTING TO THE RELIEF REQUESTED HEREIN SHALL MAKE ITS OBJECTION
KNOWN BY FILING AN OBJECTION TO THE PROPOSED SETTLEMENT, SERVED
UPON THE UNDERSIGNED AND FILED WITH THE COURT NO LATER THAN FIVE (5)
BUSINESS DAYS AFTER DELIVERY HEREOF.  A HEARING ON THE NOTICE WILL BE
HELD AT A TIME TO BE DETERMINED BY THE COURT ONLY IF A TIMELY

---

[1] The term *net preference claim* as used herein means the total preference period transfers made to a creditor, less the value to the Plaintiff of subsequent extensions of credit ("new value").

OBJECTION IS FILED.  IF NO SUCH OBJECTIONS ARE FILED, THE SETTLEMENT WILL BE DEEMED APPROVED WITHOUT FURTHER ORDER OF THE COURT.


Dated:    March 9, 2005

SCHULTE, ROTH & ZABEL LLP
Jeffrey S. Sabin (JSS-7600)
David J. Ciminesi (DJC-8156)
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955

AND

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Steven J. Kahn (CA Bar No. 76933)
Jason S. Pomerantz (CA Bar No. 157216)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California  90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Counsel for Debtors and Reorganized Debtors
FANSTEEL